**In the Matter of the Honorable Donald C. JOHNSON, Judge of the Tippecanoe Superior Court.**

No. 79S00–9501–JD–68.

Supreme Court of Indiana.

Dec. 12, 1995.

J. Frederick Hoffman, Lafayette, for respondent.

Meg Babcock, Indianapolis, for Indiana Commission on Judicial Qualifications.

**DISCIPLINARY ACTION**

PER CURIAM.

The Indiana Commission on Judicial Qualifications and the Respondent, the Honorable Donald C. Johnson, Judge of the Tippecanoe Superior Court, have entered into and now tender for the Court's approval, a Statement of Circumstances and Conditional Agreement For Discipline. Article 7, Section 4 of the Indiana Constitution and Rule 25 of the Indiana Admission and Discipline Rules give this Court original jurisdiction over this matter.

The agreement arises out of a Notice of the Institution of Formal Proceedings filed January 30, 1995. The Commission's allegations refer to activity that occurred in 1991, before the effective date of the present Code of Judicial Conduct. Therefore, the Commission charged Respondent with violating the 1975 Code of Judicial Conduct, specifically Canon 1, Canon 3A(3), and Canon 3A(4).

The facts are not in dispute and are set out in the Conditional Agreement. We summarize those facts as follows. An attorney appeared at a hearing before Respondent concerning criminal charges against the attorney's client. At the hearing, the attorney learned that his client also faced a probation

revocation proceeding before Respondent. The probation proceeding was scheduled for December 6, 1991. Because the attorney had a conflicting matter in Indianapolis on that date, he and a deputy prosecutor agreed to change the date of the hearing to December 4. Respondent set the date accordingly. Ten days later, another deputy prosecutor made an *ex parte* request to re-set the hearing to December 6, the original date from which the attorney had sought and obtained a rescheduling. The attorney was first notified of the change on December 4, when Respondent's court reporter telephoned the attorney. By telephone, the attorney informed Respondent that he was unable to attend on December 6. Respondent told the attorney that unless a proper motion for continuance was filed, the attorney would be held in contempt if he did not appear for the hearing. The attorney filed the motion. Respondent denied it.

When the attorney did not appear on December 6, 1991 in his client's case and did not appear on December 16, 1991, the date set by Respondent for a contempt hearing, Respondent issued a writ of attachment. The attorney was arrested and transported to the Tippecanoe County jail. Respondent conducted the attorney's contempt hearing with the attorney dressed in jail clothes and the attorney's client present. Immediately after that, Respondent turned to the matter of scheduling a hearing date for the attorney's client, despite the attorney's statement that he had no idea Respondent would address the client's case at the contempt hearing and did not have his calendar with him.

From the above agreed and undisputed facts, we accept the agreement of Respondent and the Commission that Respondent engaged in the charged misconduct. We find that the Respondent violated Canon 1 of the 1975 Code of Judicial Conduct which required judges to uphold the integrity and independence of the judiciary and to maintain high standards of conduct; that he violated Canon 3A(3) of the 1975 Code of Judicial Conduct, which required judges to be patient, dignified, and courteous to lawyers and others; and, that he violated Canon 3A(4) of the 1975 Code of Judicial Conduct, which required judges to afford every person or lawyer the full right to be heard according to law and to neither initiate nor consider *ex parte* communications concerning a pending or impending proceeding.

On the matter of the *ex parte* communications, we note that Respondent has agreed he violated Canon 3A(4) as applied to these particular facts.[1] The current Code revised the rule on *ex parte* communications, and now provides:

A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties, concerning a pending or impending proceeding, except that:

(a) Where circumstances require, ex parte communications for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits are authorized; provided:

(i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and,

(ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.

Ind.Judicial Conduct Canon 3(B)(8).

The Court concludes that the Conditional Agreement for Discipline entered into by the parties should be approved and the agreed discipline, a public reprimand, should be and is hereby accepted.

Accordingly, Respondent, the Honorable Donald C. Johnson, is hereby REPRIMANDED for his misconduct. This discipline terminates and forecloses all disciplin-

---

1. The 1975 Code of Judicial Conduct prohibited all *ex parte* communications, although we acknowledge that the prohibition was widely ig- nored. *See* Linda Milord, American Bar Association, the Development of the ABA Judicial Code, 19–20 (1992).

ary proceedings relating to the circumstances giving rise to this cause.

Costs of this proceeding are assessed against Respondent.